FILED
SEP - 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MICHEAL W. BUCKNER, and
ELLIOT A. SEGAL as Trustees of the
UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN,
2121 K Street NW Ste. 350
Washington, DC 20037

        Plaintiffs,

v.

BRUSHY CREEK COAL COMPANY
f/k/a Kenellis Energies, Inc.
4270 North America Road
Galatia, IL 62935

        Defendant.

and

WESTERN FUELS-ILLNOIS, INC.
P.O. Box 104
Harrisburg, IL 62946

        Defendant.

and

WESTERN FUELS ASSOCIATION, INC.
1100 W 116th Ave.
Denver, CO 80234

333 John Carlyle St., Ste 530
Alexandria, VA 22314

        Defendant.

CASE NUMBER 1:05CV01762

JUDGE: Richard J. Leon

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 09/02/2005

## COMPLAINT FOR PROVISION OF RETIREE BENEFITS

1.    Plaintiffs, Michael H. Holland, A. Frank Dunham, Micheal W. Buckner, and Elliot A. Segal are Trustees of the United Mine Workers of America 1992 Benefit Plan ("The 1992 Plan"). The Trustees are fiduciaries with respect to the 1992 Plan within the meaning of

Section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A). The Trustees conduct the business of the 1992 Plan at 2121 K Street, N.W., Ste. 350 Washington, D.C. 20037.

2.  The 1992 Plan is an irrevocable trust fund created pursuant to Section 9712 of the Coal Industry Retiree Health Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9701, et seq.

3.  The 1992 Plan is a jointly trusteed plan described in Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5); an employee welfare benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3); and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

4.  Defendant Brushy Creek Coal Company ("Brushy Creek") is an Illinois corporation, with an address at 4270 North America Rd., Galatia, IL 62935. Brushy Creek was formerly known as Kenellis Energies, Inc. Defendant Western Fuels–Illinois Inc. is an Illinois corporation, with an address at P.O. Box 104, Harrisburg, Illinois 62946. Defendant Western Fuels Association Inc. is a Wyoming corporation, with an office and/or addresses at 1100 W 116th Ave. Denver, CO 80234-2814, and an office at 333 John Carlyle St., Ste. 530 Alexandria, Virginia 22314.

5.  Defendant Brushy Creek is owned 100% by its corporate parent, Defendant Western Fuels-Illinois, Inc., which in turn is owned 100% by its corporate parent, Defendant Western Fuels Association, Inc. Defendants are "related persons" as defined in Section 9701(c) the Coal Act, 26 U.S.C. Sec. 9701(c)(2).

6.  Jurisdiction is conferred on this Court by Section 9721 of the Coal Act, 26 U.S.C. § 9721; Sections 502(a)(1)(B), 502(a)(3) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3) and 1451(c); 28 U.S.C § 2201; and 28 U.S.C. § 1331.

7. Venue is proper in this district under Section 9721 of the Coal Act, 26 U.S.C. § 9721; and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), in that Plaintiff 1992 plan is administered in this district. In addition, Defendant Western Fuels Association maintains an office convenient to this district in Alexandria, Virginia.

8. Defendant Brushy Creek was engaged in operating a coal mining business. On or about December 1, 1991 through December 31, 2002, Defendant Brushy Creek was signatory to a series of National Bituminous Coal Wage Agreements (including the 1987 Employment and Economic Security Pact) ("Wage Agreements"), requiring it to provide benefits to its retirees at a specified level of benefits, through an individual employer health plan. Therefore, Defendant Brushy Creek is a "Last Signatory Operator" as that term is defined in Section 9701(c)(4) of the Coal Act, 26 U.S.C. § 9701(c)(4).

## COUNT I

### Request For Provision of Retiree Health Benefits and Judgment

9. Section 9711(a) of the Coal Act, 26 U.S.C. § 9711(a), requires Defendants, as a Last Signatory Operator and "related persons," to continue providing health benefits at specified benefit levels through the individual employer health plan for individuals who were receiving retiree health benefits as of February 1, 1993, and to continue providing such coverage for as long as any "related person" remains "in business" within the meaning of the Coal Act.

10. Section 9711(b) of the Coal Act, 26 U.S.C. § 9711(b), requires Defendants to provide health benefits at specified benefit levels through the individual employer health plan for those individuals who were age and service eligible to receive benefits under the Last Signatory Operator plan on February 1, 1993 and who retire before October 1, 1994, and requires the continuation of such coverage for as long as the Last Signatory Operator or any "related person"

remains "in business" within the meaning of the Coal Act. In addition, Section 9711 requires that health benefits be provided for any disability pensioner who qualified for a disability pension as of October 1, 1994.

11.  Section 9711 (b) (2) of the Coal Act specifies the level of coverage which Defendants are required to provide: "substantially the same as (and subject to all the limitations of) the coverage provided by the individual employer plan as of January 1, 1992."

12.  Defendant Brushy Creek notified its beneficiaries by letter dated March 8, 2004 that their benefits were being significantly reduced below the level required by Section 9711 effective May 1, 2004. Despite protests, the Defendants proceeded to institute the reductions in benefits.

13.  Inasmuch as Defendant Brushy Creek was contractually obligated to provide the requisite level of health care benefits to all eligible beneficiaries as of February 1, 1993, thereafter it was and currently is statutorily required to do so under Section 9711 of the Coal Act, 26 U.S.C. § 9711. The Defendants' failure to maintain the mandated health care coverage for their beneficiaries violates Section 9711 of the Coal Act, 26 U.S.C. § 9711.

14.  By reason of Defendants' failure to provide the required retiree health care benefits to their eligible beneficiaries in violation of Section 9711 of the Coal Act, 26 U.S.C. § 9711, the eligible beneficiaries, as well as the 1992 Plan and its/their participants and beneficiaries, face immdiate and irreparable harm without an adequate remedy at law.

15..  Inasmuch as the 1992 Plan and its Trustees are likely to succeed on the merits in this request for an injunction for Brushy Creek to provide the requisite health benefits and are faced with immediate and irreparable harm, the Trustees are entitled to preliminary injunctive

relief prohibiting Defendants from failing to provide the mandated health care coverage to their eligible beneficiaries, as required by Section 9711 of the Coal Act.

## COUNT II

### Request for Judgment for Unpaid Prefunding Premiums

16. The allegations stated above are incorporated and re-alleged herein.

17. As an employer in the coal industry which was a signatory to an agreement containing pension and health care contribution and benefit provisions which are the same as those contained in the 1988 National Bituminous Coal Wage Agreement, and/or an employer from which contributions were actually received after 1987 and before July 20, 1992, by the former UMWA 1950 Benefit Plan or the former UMWA 1974 Benefit Plan, Defendant Brushy Creek is a 1988 Agreement Operator as defined in section 9701(c)(3) and a 1988 Last Signatory Operator as defined in section 9712(d)(6) of the Coal Act, 26 U.S.C. Sections 9701(c)(3), 9712(d)(6).

18. Pursuant to Section 9712(d)(1)(A) of the Coal Act, 26 U.S.C. Sec. 9712(d)(1)(A), the Defendants are responsible for the payment of an annual prefunding premium based on their number of eligible and potentially eligible beneficiaries. Potentially eligible beneficiaries are certain persons currently covered by individual employer plans, the exact numbers of which are currently unknown by the 1992 Plan and known by Defendant.

19. Defendants have failed to provide the 1992 Plan with completed annual Remittance Advice forms, reflecting the number of potentially eligible beneficiaries in Defendants' individual employer plan.

20. Defendants have failed to pay prefunding premiums to the 1992 Plan under section 9712(d)(1)(A), resulting in a delinquency for prefunding premiums. Thus Defendants have failed to discharge their obligation under Section 515 of ERISA, 29 U.S.C. Sec. 1145, and Sec. 9712(d)(1)(A) of the Coal Act, 26 U.S.C. Sec. 9712(d)(1)(A), and have caused the 1992 Plan to sustain loss of income, incur administrative and legal expenses and suffer immediate, continuing and irreparable injury.

## COUNT III

### Provision of Security

21. The allegations in paragraphs 1 - 20 are reasserted as if fully rewritten.

22. Under the Coal Act, each 1988 last signatory operator is required to finance the benefits provided under the 1992 Plan through several mechanisms, including the provision of security equal to a portion of the projected future cost of providing benefits for beneficiaries attributable to the operator. 26 U.S.C. § 9712(d)(1).

23. As set forth in Section 9712(d)(1)(C) of the Coal Act, Article XI(4) of the 1992 Plan Agreement and Declaration of Trust ("Trust Agreement") and the rules adopted by the 1992 Plan Trustees, all 1988 last signatory operators must post security for the benefit of the 1992 Plan against the event that the operator may fail or cease to provide the requisite benefits or the event that beneficiaries attributable to such operator must be enrolled to receive their benefits from the 1992 Plan. Such security must be posted every year, beginning in January 1996, in the form of a conforming bond, letter of credit, or cash escrow, in an amount equivalent to the number of eligible and potentially eligible beneficiaries attributable to the operator multiplied by an amount set by the Trustees, currently $15,045.00.

24. In connection with this security requirement, each 1988 last signatory operator is required to report to the 1992 Plan concerning the status of its individual employer health plan provided for its retirees, including reporting the number of beneficiaries attributable to the operator who are potentially eligible for the 1992 Plan.

25. Under Section 9712(d)(1)(C) of the Coal Act, Article XI of the Trust Agreement and the rules adopted by the Trustees, any 1988 last signatory operator which fails to provide the requisite security is required to pay an additional prefunding premium equal to nine times the annual prefunding premium otherwise due under Section 9712(d)(1)(A) of the Coal Act.

26. Under Section 9712(d)(4) of the Coal Act, all "related persons" to a 1988 last signatory operator are jointly and severally liable for the payment of the additional prefunding premium described in paragraph 25.

27. Defendants have failed to submit the required report and calculation information to the 1992 Plan, including reporting the number of beneficiaries attributable to Brushy Creek.

28. By reason of Defendants' conduct in failing to post the required security and Defendants' failure to pay the additional prefunding premiums, the 1992 Plan faces immediate and irreparable harm.

WHEREFORE, the Plaintiffs pray that this Court:

(a)   Declare that Defendants Brushy Creek, Western Fuels-Illinois,Inc. and Western Fuels Association , Inc. are related persons within the meaning of Section 9701(c)(2)(A) of the Coal Act, 29 U.S.C. § 9701(c)(2)(A), and are jointly and severally liable for all obligations under section 9711 and all obligation to pay amounts under section 9712(d)(1) described herein;

(b) Declare that Defendants have violated and continue to be in violation of Section 9711 of the Coal Act, 26 U.S.C. § 9711;

(c) Issue appropriate injunctive relief prohibiting Defendants from failing to provide the required level of health care benefits to their eligible beneficiaries;

(d) Adjudge Defendants liable for all amounts expended by the eligible beneficiaries to provide for themselves the missing health benefits which the Defendants were required to provide under section 9711, plus interest, liquidated damages, and reasonable attorney fees;

(e) Adjudge Defendants liable for all amounts expended by the 1992 Plan in acting on behalf of the eligible beneficiaries and in pursuing this action, including reasonable attorneys' fees and court costs with interest;

(f) Adjudge Defendants liable, to the extent that during the pendency of this action, the 1992 Plan enrolls the Brushy Creek beneficiaries and provides their benefits directly, for the 1992 Plan's costs to provide benefits under Section 9712(b) of the Coal Act, or per beneficiary premiums under Section 9712(d)(1)(B) of the Coal Act, whichever is greater, with interest and liquidated damages and reasonable attorney fees under Sections 502(g)(2), 515 and 4301 of ERISA, 29 U.S.C. Sections 1132(g)(2), 1145, and 1451, and section 9721 of the Coal Act, 26 U.S.C. Sec. 9721.

(g) Adjudge Defendants liable for all delinquent prefunding premiums owed to the 1992 Plan under Section 9712(d)(1)(A) of the Coal Act, based on eligible and potentially eligible beneficiaries whose "last signatory operator" is Brushy Creek, plus interest, liquidated damages and reasonable attorney fees under Sections

502(g)(2), 515 and 4301 of ERISA, 29 U.S.C. Sections 1132(g)(2), 1145, and 1451, and section 9721 of the Coal Act, 26 U.S.C. Sec. 9721.

(h) Issue appropriate injunctive relief requiring Brushy Creek to post the required security under section 9712(d)(1)(C), Article XI of the Trust Agreement, and the rules adopted by the Trustees, or in the event that Brushy Creek is unable to post such security, to enter judgment against the Defendants for the additional nine times prefunding premiums, plus interest and reasonable attorney fees under Sections 502(g)(2), 515 and 4301 of ERISA, 29 U.S.C. Sections 1132(g)(2), 1145, and 1451, and section 9721 of the Coal Act, 26 U.S.C. Sec. 9721;

(i) Retain jurisdiction to monitor compliance with its orders; and

(j) Provide such other and further relief as the Court may deem just.

Respectfully submitted,

DAVID W. ALLEN, Bar ID 81638
General Counsel

*/s/ Larry D. Newsome per bel*
LARRY D. NEWSOME, Bar ID 254763
Associate General Counsel

*/s/ B. E. Locklin*
BARBARA E. LOCKLIN, Bar ID 420503
Assistant General Counsel
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2238
Attorneys for Plaintiffs

9