IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael H. Holland, Micheal W. Buckner,
Frank Dunham & Elliot A. Segal as Trustees
of the UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN,

        Plaintiffs,                Case No. 1:05cv1762

v.

BRUSHY CREEK COAL COMPANY, ET AL.,

        Defendants.

## DEFENDANTS' ANSWER

**COMES NOW** Defendants Brushy Creek Coal Company, Western Fuels-Illinois, Inc., and Western Fuels Association, Inc., (hereinafter sometimes collectively referred to as "Defendants"), by counsel, submit their answer below to the Complaint of the United Mine Workers of America, et al. ("Plaintiffs").

    1.    The allegations in paragraph 1 constitute legal conclusions as to which no answer is required and are denied.

    2.    The allegations in paragraph 2 constitute legal conclusions as to which no answer is required and are denied.

    3.    The allegations in paragraph 3 constitute legal conclusions as to which no answer is required and are denied.

    4.    Defendant Brushy Creek admits that it is an Illinois corporation and that Defendant Western Fuels Association, Inc. is a Wyoming corporation located at 1100 W. 116th Ave., Westminster, CO 80234-2814, but denies the remaining allegations.

5.  Defendant Brushy Creek admits that it is owned 100% by its corporate parent, Defendant Western Fuels-Illinois, Inc., but denies the remaining allegation in the first sentence of paragraph 5. The remaining allegations of paragraph 5 constitute legal conclusions as to which no answer is required and are denied.

6.  The allegations in paragraph 6 constitute legal conclusions as to which no answer is required and are denied.

7.  The allegations in paragraph 7 constitute legal conclusions as to which no answer is required and are denied. Brushy Creek denies that it maintains an office convenient to this district in Alexandria, Virginia.

8.  Defendant Brushy Creek admits that it was engaged in operating a coal mining business, but Defendants deny all remaining allegations, some of which also constitute legal conclusions as to which no answer is required and are therefore denied.

9.  The allegations in paragraph 9 constitute legal conclusions as to which no answer is required and are denied.

10. The allegations in paragraph 10 constitute legal conclusions as to which no answer is required and are denied.

11. The allegations in paragraph 11 constitute legal conclusions as to which no answer is required and are denied.

12. The allegations in paragraph 12 are denied.

13. The allegations in paragraph 13 constitute legal conclusions as to which no answer is required and are denied.

304251-1

14. Defendants lack sufficient information to admit or deny the allegations in paragraph 14, which also constitute legal conclusions as to which no answer is required, and are they are denied.

15. Defendants lack sufficient information to admit or deny the allegations in paragraph 15, which also constitute legal conclusions as to which no answer is required, and are denied.

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 constitute legal conclusions as to which no answer is required and are denied.

18. The allegations in paragraph 18 constitute legal conclusions as to which no answer is required and are denied.

19. Defendants deny that they were requested to and failed to provide the completed annual Remittance Advice forms, and all remaining allegations in paragraph 19.

20. Defendants deny that they were requested to and failed to pay prefunding premiums to the 1992 Plan. The remaining allegations in paragraph 20 constitute legal conclusions as to which no answer is required and are denied.

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 constitute legal conclusions as to which no answer is required and are denied.

23. The allegations in paragraph 23 constitute legal conclusions as to which no answer is required and are denied.

24. The allegations in paragraph 24 constitute legal conclusions as to which no answer is required and are denied.

304251-1

25.  The allegations in paragraph 25 constitute legal conclusions as to which no answer is required and are denied.

26.  The allegations in paragraph 26 constitute legal conclusions as to which no answer is required and are denied.

27.  Defendants deny that they were requested to and failed to submit report and calculation information to the 1992 Plan.

28.  Defendants lack sufficient information to admit or deny the allegations in paragraph 28, which also constitute legal conclusions as to which no answer is required, and are denied.

29.  Defendants deny that Plaintiffs are entitled to any type of relief or damages and deny Plaintiffs' prayer for the same.

WHEREFORE, having fully answered the allegations set forth in the Complaint, Defendants state the following affirmative defenses:

1.  Plaintiffs fail to state a cause of action upon which relief can be granted on any of the grounds set forth in the Complaint.

2.  Plaintiffs fail to comply with the relevant statute of limitations for the causes of action set forth in the Complaint.

3.  Plaintiffs' alleged injuries and damages, which are not admitted, but are expressly denied, were proximately caused and/or contributed by the Plaintiffs' own acts, or the acts of someone authorized to act on behalf of Plaintiff, and are therefore barred or reduced in the amount to be determined by the trier of fact.

304251-1

4. Plaintiffs have failed to mitigate their alleged damages, which are not admitted, but are expressly denied.

5. Plaintiffs' claims should be dismissed because they are estopped from bringing such claims.

6. All allegations made in the Complaint not specifically responded to above are denied.

7. Plaintiffs, or an authorized representative on their behalf, may have waived any rights to demand all or part of the claimed damages from Defendants.

8. Plaintiffs claims against Defendants may be barred as a result of Plaintiffs' failure to exhaust administrative remedies, including arbitration.

9. Plaintiffs' Complaint may be barred by the doctrine of laches.

10. Defendants have discharged their duties with respect to any alleged plan, in the interest of the plan participants and their beneficiaries, and in doing so, Defendants have acted in accordance with the documents and instruments governing the plan, as well as applicable law.

11. Plaintiffs' claims are barred, in whole or in part, because the alleged benefits determination and/or decision was not arbitrary or capricious, unreasonable or made in bad faith, but rather was reasonable based on substantial evidence and was in accordance with the terms of any alleged benefit plan.

12. Defendants reserve the right to expand, alter, enlarge, or amend their answer at any time it may be so advised.

13. Any benefits sought by Plaintiffs in this suit failed to accrue, if at all, and/or expired under the terms of the alleged pertinent agreements, Plans, or contracts.

304251-1

WHEREFORE, having fully answered the allegations set forth in the Complaint, and having stated their affirmative defenses, Defendants respectfully request that this Court dismiss this matter with prejudice and that Defendants be awarded their attorneys' fees and costs and such other relief as this Court deems appropriate.

Respectfully submitted,

BRUSHY CREEK COAL COMPANY,
WESTERN FUELS-ILLINOIS, INC., and
WESTERN FUELS ASSOCIATION, INC.

By Counsel

COUNSEL:

Thomas M. Lucas (DC Bar No. 358653)
Kristina H. Vaquera (VA Bar No. 43655)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
(757) 687-7740

Peter Glaser (DC Bar No. 334714)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2866

By: ____/s/ Thomas M. Lucas____
         Thomas M. Lucas

304251-1

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 19th day of December 2005, a copy of the above and foregoing Answer was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

By: ____/s/ Thomas M. Lucas____
Thomas M. Lucas (DC Bar No. 358653)
Kristina H. Vaquera (VA Bar No. 43655)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
(757) 687-7740

Peter Glaser (DC Bar No. 334714)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2866

304251-1