IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael H. Holland, Micheal W. Buckner,
Frank Dunham & Elliot A. Segal as Trustees
of the UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN,

    Plaintiffs,         Case No. 1:05cv1762

v.

BRUSHY CREEK COAL COMPANY, ET AL.,

    Defendants.

## MOTION TO ENTER CONSENT ORDER

At the March 7, 2007 status conference in the above-captioned case, Plaintiff and Defendants indicated to the Court that they were actively working on settling the case but that they needed the Court to enter an order providing for Defendants to release certain health claims information to Plaintiffs. As explained more fully in the attached Consent Order, without such an Order, Defendants would be prohibited from disclosing such information to Plaintiff pursuant to the Health Insurance Affordability and Accountability Act of 1996 ("HIPAA"). *See* HIPAA § 1177, Pub. L. 104-191, and 45 CFR Part 164 and § 164.512(e)(1)(i). Plaintiff and Defendants have negotiated the terms of the Consent Order and the information to be released pursuant to it, and Defendants are ready to produce this information to Plaintiff upon the Court's entry of the Order.

  Plaintiff has authorized Defendants to file this Motion and the Consent Order.

WHEREFORE, it is respectfully requested that the Court enter the Consent Order.

Dated: March 29, 2007                               Respectfully submitted,

_____
Thomas M. Lucas (DC Bar No. 358653)
Kristina H. Vaquera (VA Bar No. 43655)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
(757) 687-7740

Peter Glaser (DC Bar No. 334714)
Troutman Sanders LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134
(202) 274-2866

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael H. Holland, Micheal W. Buckner,
Frank Dunham & Elliot A. Segal as Trustees
of the UNITED MINE WORKERS OF AMERICA
1992 BENEFIT PLAN,

     Plaintiffs,       Case No. 1:05cv1762

v.

BRUSHY CREEK COAL COMPANY, ET AL.,

     Defendants.

## CONSENT ORDER
## RELEASING MEDICAL INFORMATION

  Plaintiff and Defendant are in the process of discussing settlement of this action. In order to arrive at a settlement amount, it is necessary to determine the amount at issue, and this process requires the examination of the medical claims records of certain medical care beneficiaries under the Coal Industry Retiree Health Benefit Act of 1992, whose medical coverage is the subject of this litigation ("Beneficiaries"). These records include individually identifiable health information that is protected by the privacy provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

  This information is currently under the control of Fiserve, formerly known as Wausau Benefits, which administers claims under the Employee Health Benefit Plan for Eligible Retirees of Brushy Creek Coal Company (the "Plan"). HIPAA permits Fiserve to release the information to Defendant because it sponsors the Plan, but Defendant cannot release the information to Plaintiff without either (1) the written authorization of each affected Beneficiary or (2) an order

of the Court authorizing the release of the information. 45 CFR § 164.512(e)(1)(i). As outlined in 45 CFR § 164.512(e)(1)(i), the order must specify the information that may be released.

In order to facilitate the settlement of this matter, the parties have stipulated to this Consent Order.

    1.    <u>Applicability</u>. This Order shall apply to certain claims information of the Beneficiaries for claims incurred under the Plan from the period May 1, 2004 through the date of settlement, which shall include information sent by the beneficiaries to Plaintiff and subsequently copied for Defendants (:Beneficiaries' Submissions"), and which shall also include the following information that Fiserve has voluntarily agreed to provide to Defendants without charge:

    <u>Prescription benefits claims</u>: The copay amounts paid by each Beneficiary, and the number of prescriptions filled with respect to such person, for each calendar year during the relevant period.

    <u>Medical benefits claims</u>: The copay and deductible amounts paid by each Beneficiary, and the number of covered office visits for each such person, for each calendar year during the relevant period. For each Beneficiary, a list of claims denied as a result of changes in coverages instituted on May 1, 2004 to the extent Fiserve is able to generate this information without manually searching each Beneficiary's records, including amounts disallowed as above the insurer's limits on claims otherwise paid.

    2.    <u>Limitations on Use and Disclosure of Claims Information</u>. The Claims Information shall be provided to Plaintiff and its representatives, but only to the following individuals: staff of the Office of General Counsel and outside counsel involved in this case, as

well as staff of the UMWA Health & Retirement Funds providing assistance to counsel in this case. The Beneficiaries' Submissions shall be provided to Defendants' counsel involved in this case as well as support personnel and Defendants' insurance broker providing assistance in this case. All Claims Information revealed pursuant to this Order shall be used solely for the limited purpose of settling this case; shall not be used by Plaintiff for any other purpose; and shall not be disclosed by Plaintiff to any other person.

Nothing in this Order shall be construed as an admission by Defendant that the Claims Information is relevant or discoverable. Defendant specifically reserves the right to object to the production or introduction of the Claims Information at any stage in this litigation.

3.     Exclusion of Unauthorized Persons. Whenever any of the Claims Information is to be introduced or used at a deposition or during settlement discussions, each portion of such proceeding or discussion shall be conducted with only those persons present who are authorized under this Order to have access to the Claims Information; the confidential portions of any transcript and its cover page shall be marked "Confidential"; the original of any such transcript shall be maintained under seal; and copies shall not be available to any person not authorized to receive the Claims Information under this Order without first obtaining leave of court.

4.     No Waiver of Other Objections.

Each party or non-party shall retain the right to oppose disclosure or production of any information sought in discovery on any additional grounds outside the provisions of this Order. By issuing this Order, the Court does not determine that any of the information produced pursuant to it is relevant, that Defendant is liable on any of the underlying claims at issue, or that, if Defendant is liable, it is liable to reimburse the Beneficiaries for any medical costs.

5.  Court Proceedings.

All court-related proceedings involving the Claims Information (including proceedings at which such Claims Information is offered into the record or otherwise used) shall be subject to the provisions of this Order, to the extent practicable.

6.  Filing of Confidential Information.

Protected materials may not be filed in Court, whether separately or with or as part of the pleadings or court papers except under seal. Any party wishing to make such a filing must first present a motion regarding the specific documents sought to be filed under seal to the Court for its approval. (Approval of such a motion will be greatly expedited if it is presented with the consent of all parties). Upon approval by the Court the protected materials shall be filed in a sealed envelope or other appropriate container which shall be endorsed with the caption of this lawsuit, the title of the court paper or a brief description of the enclosed materials, the legend "Confidential-Subject to Court Order," and a statement to the following effect:

> This envelope [or other container] contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to anyone other than authorized Court personnel, except upon order of the Court.

7.  Ultimate Disposition of Claims Information.

Within fourteen (14) days after the date that final disbursements are made under any claims follow-up process agreed to by the parties as a part pf settlement, all Claims Information, and all reproductions, summaries and extracts of same, shall be returned to the producing party, except as this Court may otherwise order; *provided,* however, that any attorney who prepared (or caused the preparation of) documents containing summaries, extracts, or similar compilations of

Claims Information produced by Defendant shall not be required to return such summary materials to Defendant unless such attorney fails to certify in writing to the producing party or non-party that all portions of such materials containing Claims Information of the producing party have been destroyed to prevent unauthorized disclosure. This Order shall continue to be effective after the conclusion of this litigation, except that a party may seek written permission from the producing party or order of the Court with respect to the application, dissolution or modification of such Order.

SIGNED AND ENTERED, this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

For Defendants:

    Thomas M. Lucas (DC Bar No. 358653)
    Kristina H. Vaquera (VA Bar No. 43655)
    Troutman Sanders LLP
    222 Central Park Avenue, Suite 2000
    Virginia Beach, VA 23462
    (757) 687-7740

    Peter Glaser (DC Bar No. 334714)
    Troutman Sanders LLP
    401 9th Street, N.W.
    Suite 1000
    Washington, D.C. 20004-2134
    (202) 274-2866

For Plaintiffs:

    David W. Allen (DC Bar No. 81638)
    General Counsel
    Larry D. Newsome (DC Bar No. 254763)
    Associate General Counsel
    Barbara E. Locklin (DC Bar No. 420503)
    Assistant General Counsel
    UMWA Health & Retirement Funds
    Office of the Beneral Counsel
    2121 K. Street, N.W.
    Washington, D.C. 20037
    202-521-2238

WHEREFORE, it is respectfully requested that the Court enter the Consent Order.

Dated: March 29, 2007                                Respectfully submitted,


                                                    /s/ Thomas M. Lucas
                                                    Thomas M. Lucas (DC Bar No. 358653)
                                                    Kristina H. Vaquera (VA Bar No. 43655)
                                                    Troutman Sanders LLP
                                                    222 Central Park Avenue, Suite 2000
                                                    Virginia Beach, VA 23462
                                                    (757) 687-7740

                                                    Peter Glaser (DC Bar No. 334714)
                                                    Troutman Sanders LLP
                                                    401 9th Street, N.W.
                                                    Suite 1000
                                                    Washington, D.C. 20004-2134
                                                    (202) 274-2866